**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

 Plaintiff,

v.                         No. 1:18-cr-2208-JCH-1

FEDERICO MAZON

 Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Federico Mazon's "Motion for Severance of Counts," (ECF No. 29) and "Motion to Dismiss Count 2 of the Superseding Indictment as Duplicitous," (ECF No. 42).[1]

**I. BACKGROUND**

On March 31, 2018, New Mexico State Police carried out a traffic stop that eventually led to the seizure of a firearm and illegal narcotics. *See* ECF No. 29 at 1; Government's Response to Defendant's Motion for Severance of Counts, 1, ECF No. 37, 1. On October 9, 2019, a federal grand jury charged Defendant in a three-count indictment: Count 1 – possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and aiding and abetting in violation of 18 U.S.C. § 2; Count 2 – using and carrying a firearm during and in relation to a drug

---

[1] The parties sometimes refer to Defendant's surname as "Mazon" or "Mazon-Espinoza." The Court will use the name on the docket, Mazon, or otherwise will refer to Mr. Mazon as "Defendant."

trafficking crime, and possessing a firearm in furtherance of such crime in violation of 18 U.S.C. § 924(c) and aiding and abetting in violation of 18 U.S.C. § 2; Count 3 – being a felon-in-possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Superseding Indictment, ECF No. 25 (indictment).

## II. DISCUSSION

### A. Motion to Dismiss Count II as Duplicitous

As noted earlier, Count II charges Defendant with violating 18 U.S.C. § 924(c). That statute provides that any person who "during and in relation to any … drug trafficking crime … <u>uses</u> or <u>carries</u> a firearm, or who, in furtherance of any such crime, <u>possesses</u> a firearm," shall be subject to certain minimum sentences. 18 U.S.C. § 924(c)(1)(A) (emphases added). Court II of the indictment alleged that Defendant "knowingly used and carried a firearm during and in relation to a drug trafficking crime … and in furtherance of such crime, possessed said firearm." ECF No. 25 at 1-2.

Defendant contends that the phrases "uses or carries" and "possesses" in § 924(c)(1)(A) define two discrete criminal offenses, and therefore moves to dismiss Count II as duplicitous. The Government opposes the motion, countering that the statute simply defines two ways to commit a single offense. Moreover, the Government asks the Court not to address the issue of duplicity because it will proceed to trial solely on the theory Defendant "possessed a firearm in furtherance of a drug trafficking crime." Government's Response to Defendant's Motion to Dismiss Count II of the Superseding Indictment as Duplicitous, 6, ECF No. 43.

"Duplicity is defined as the joinder of two or more distinct and separate offenses in the same count of an indictment." *United States v. Martinez*, No. CR 18-100 MV, 2019 WL 4261736, at *1 (D.N.M. Sept. 9, 2019) (citing *United States v. Miller*, 891 F.3d 1220, 1229 (10th Cir. 2018)). "Multiple charges in one count present a danger that the jury could convict a defendant without reaching a unanimous agreement on precisely which charge is the basis for the conviction." *Id.* (citing *United States v. Schneider*, 594 F.3d 1219, 1228 (10th Cir. 2010)). The Tenth Circuit "also ha[s] identified both the fact that [a] defendant may be prejudiced in a subsequent double jeopardy defense, and that [a] court may have difficulty determining the admissibility of evidence, as other dangers that may stem from a duplicitous indictment." *United States v. Washington*, 653 F.3d 1251, 1262 (10th Cir. 2011) (citations and internal quotation marks omitted).

As the Government points out, there is a federal circuit split on the question of whether 18 U.S.C. § 924(c)(1)(A) sets forth a single offense or multiple offenses depending on whether a defendant "used or carried" a firearm during a drug trafficking crime or a crime of violence, or whether the defendant "possessed" the firearm "in furtherance of" such a crime. *Compare United States v. Arreola*, 467 F.3d 1153, 1155 (9th Cir. 2006) (holding that 18 U.S.C. § 924(c) creates one offense with two alternative means of committing the offense), *with United States v. Combs*, 369 F.3d 925 (6th Cir. 2004) (reaching the opposite conclusion and holding that § 924(c) defines two separate crimes, one for using a firearm during a crime and another for possession of a firearm in furtherance of a crime). As far as the Court knows, the Tenth Circuit has not decided whether § 924(c) criminalizes two separate and distinct offenses, although in at least one case that court

3

treated the provision as defining two offenses, and then held that under either provision the evidence was sufficient to convict the defendant. *See United States v. Lott*, 310 F.3d 1231, 1246 (10th Cir. 2002).

However, the fact that there is a circuit split on this issue is largely immaterial because "[o]ne cure for an otherwise duplicitous indictment is to give an augmented instruction requiring unanimity on one or the other of the acts charged within a count that otherwise appear to constitute separate offenses." *Miller*, 891 F.3d at 1230 (citation omitted). Here, the Government says that it "intends to proceed to trial on a single theory, that the defendant possessed a firearm in furtherance of a drug trafficking crime," and that the jury "instructions will be drafted accordingly." ECF No. 43 at 6. With this statement in mind, the Court holds that there is no reason to dismiss Count II because any risks of duplicity can be cured by presenting the jury with a unanimity instruction regarding the "possession" provision of § 924(c). Defendant's motion is therefore denied.

**B. Motion for Severance of Count III from Counts I-II**

Defendant moves to sever Count III (felon-in-possession of a firearm and ammunition) from the Counts I-II, thereby holding two separate trials. Count III alleges that Defendant has a felony record for one or more of the following crimes: (1) assault-intent/reckless/injury, (2) disorderly conduct with a weapon, (3) possession of a firearm by a prohibited person.

As grounds for his motion, Defendant argues that: (1) to prove Count III, the Government will tell the jury that Defendant is a convicted felon, which will portray him as having a criminal propensity and the jury will infer that he is guilty of Counts I-II; and

4

(2) this prejudice will be compounded in light of the United States Supreme Court's 2019 decision *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), where the Court held that in a 18 U.S.C. § 922(g) case, the prosecution must prove both that a defendant knew he possessed a gun, and that he knew he belonged to the relevant category of persons barred from possessing a gun. Since the Government must now prove Defendant's knowledge of his felony status, the jury will be exposed to damaging details about Defendant's prior conviction unless severance is granted.

### 1) Joinder is proper under Rule 8(a)

Rule 8(a) provides for joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995).

Here, law enforcement found the methamphetamine that is the basis of Count I and the firearm that is the basis of Counts II-III during the same search of Defendant's vehicle on March 31, 2018, so all three counts are based on the same act or transaction or connected with or constitute parts of a common scheme or plan. *See United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008) (concluding there was no error in denying severance of firearm and drug-trafficking counts because, even if they had been severed, evidence of defendant's firearm possession would have been admissible to prove his intent to distribute marijuana because guns are "tools of the trade" of drug trafficking); *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir. 1991) (upholding court's refusal to sever firearm possession

counts from drug trafficking counts, where government demonstrated that defendant possessed the firearms as part of scheme or plan to possess and distribute drugs, and police seized both weapons and narcotics at the same time and place); *United States v. Esch*, 832 F.2d 531, 538 (10th Cir. 1987) ("[w]here the evidence overlaps, the offenses are similar … joinder of … offenses is proper."). Because Counts I-III arose from the same event and will involve overlapping witnesses and likely evidence, joinder of all counts is therefore proper under Rule 8(a).

### 2) Prejudice does not require severance of counts under Rule 14

Even if joinder is proper under Rule 8, a court may separate trials if the joinder of offenses appears to prejudice a defendant. Fed. R. Crim. P. 14(a). The decision whether to grant or deny severance is within the discretion of the trial court. *See United States v. Martin*, 18 F.3d 1515, 1517 (10th Cir. 1994). The defendant bears a heavy burden of showing real prejudice in his case sufficient to warrant severance. *Id.* at 1518. To establish real prejudice, the defendant must show that the prejudice he will suffer outweighs the expense and inconvenience of separate trials. *Id.* The court should consider other remedial measures that will minimize the risk of prejudice. *See United States v. Lane*, 883 F.2d 1484, 1498 (10th Cir. 1989). Limiting instructions often will cure any risk of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993). Nevertheless, when joinder is based on the similar character of the offenses, prejudice to the defendant is more likely because proof of one crime may tend to corroborate the commission of the other crime in violation of the evidentiary rules against evidence of propensity to commit crime. *See United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993).

The Supreme Court has recognized the risk of trying a felon-in-possession charge with other counts in a single trial. *See Currier v. Virginia*, 138 S. Ct. 2144, 2151 (2018). The risk, of course, is that a combined trial of a felon-in-possession count with other counts allows the prosecutor to inform the jury of a defendant's felony record, which could run afoul of Federal Rule of Evidence Rule 404(b)'s prohibition on propensity evidence. *See United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). Nonetheless, severance is not presumptively required. *See United States v. Page*, 657 F.3d 126, 129–30 (2d Cir. 2011) ("we … reject[] the notion that the fact of a prior felony conviction is so prejudicial that it necessarily precludes a fair trial."). Indeed, federal circuit courts have upheld district courts' denials of motions to sever felon-in-possession counts. *See, e.g., United States v. Jones*, 213 F.3d 1253, 1260 (10th Cir. 2000); *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000); *United States v. VonWillie*, 59 F.3d 922, 930 (9th Cir. 1995). In each of these cases, the courts were unwilling to sever because, among other reasons, the fact of the prior offense was established by stipulation and the district court issued limiting instructions.[2]

---

[2] Courts also do not sever when evidence would be admissible against a defendant under Rule 404(b) even if separate trials were had. *See United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008). The Government did not explain in its response whether the prior convictions would be admissible in separate trials under Rule 404(b). In his reply brief, Defendant contended the convictions would be inadmissible, but this argument was forfeited since it was raised for the first time in Defendant's reply brief. Giving Defendant the benefit of the doubt, however, the Court will assume, for purposes of deciding the motion, that Defendant's prior felony convictions would be inadmissible at a trial on the drug trafficking counts.

Here, Defendant contends that his case is different because (1) he will *not* stipulate to his prior felonies, thereby placing the burden on the Government to introduce Defendant's felonies to prove its case and (2) under *Rehaif*, the Government must now prove Defendant's knowledge of his felony-status, which may require it to present affirmative evidence to the jury regarding the type of offense to which he pled guilty and sentence he received.[3] The Court next analyzes these specific arguments.

Concerning stipulation, the Government suggests that the parties stipulate that the prior conviction element of the felon in possession offense has been met. Stipulation to the fact that a prior felony conviction exists greatly reduces the danger of prejudice by avoiding the need to delve into details of past bad acts. *See Old Chief v. United States,* 519 U.S. 172, 191 (1997). In this situation, "a defendant will likely face no risk of prejudice since the jury needs no additional evidence about the prior conviction." *United States v. Topete-Madrueno*, No. 18-CR-4172 JAP, 2019 WL 4673232, at *3 (D.N.M. Sept. 25, 2019). However, when a defendant refuses to stipulate to a prior felony conviction, forcing the prosecution to introduce the conviction, "not only would this additional evidence generally be inadmissible propensity evidence, but it also raises the risk of possible prejudice that the evidence needed to prove the other charges would not carry." *Id.* Thus, in *United States v. Martinez*, No. CR 18-00100-MV, 2019 WL 3719073, at *4 (D.N.M. Aug. 7, 2019), this

---

[3] Defendant cites a case endorsing a bifurcation of trial approach that would separately try the prior felony conviction element of the felon in possession charge after the jury deliberates on Counts I-II. *See* ECF No. 29 at 2-3. However, the Court does not need to separately analyze whether bifurcation is appropriate, because throughout Defendant's motion he requests the specific remedy of severance.

Court severed the defendant's § 922(g) count where, as here, he refused to stipulate to his prior conviction.

However, an important difference sets this case apart from *Martinez*. In that case, the Court severed the felon-in-possession count from the joined offenses in part because the firearm at issue was not "connected" to three of the five counts in the indictment. 2019 WL 3719073, at *2. In so holding, the Court distinguished *United States v. Jones*, 213 F.3d 1253, 1260–61 (10th Cir. 2000), which upheld the district court's refusal to sever felon-in-possession counts from bank robbery and using a firearm during a crime of violence counts where the felon-in-possession charges were connected to the defendant's participation in the robberies and "the relationship of the charges clearly grew out of [the defendant's] own conduct." *Jones*, 213 F.3d at 1261.

Here, as noted *supra*, all three counts against Defendant arise from a single traffic stop and therefore are based on the same act or transaction. Defendant asserts that Count I "does not involve a firearm, whatsoever." Defendant's Reply to Government's Response to Defendant's Motion to Sever Counts, ECF No. 41, 2. However, this Court has held that a defendant's possession of a gun "is relevant to the intent element in" in a drug distribution case because possession of a firearm is seen as a tool of the drug trade. *United States v. Hernandez-Pena*, No. CR 15-1517 JH, 2016 WL 9819510, at *5 (D.N.M. Oct. 24, 2016); *see also United States v. Martinez*, 938 F.2d 1078, 1082-83 (10th Cir. 1991) (finding no abuse of discretion in admitting evidence of firearms, large sums of cash, scales, and uncharged quantities of illegal drugs seized in stash house defendant briefly visited because items are tools of drug trade and are probative of accused's participation in drug

distribution business). Based on the briefs, the Government does not appear to be attempting to strengthen a weak case by joining it with a strong case, or joining counts that are random or fortuitous. *Cf. Lewis,* 787 F.2d at 1322–23 (reversing denial of severance motion where evidence on second count was "sparse" and conviction was likely affected by other bad acts evidence admissible only as to first count). Severance of counts is therefore not required "simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant," *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992), especially where, as here, "the relationship of the charges [grows] out of the defendant's own conduct." *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008). Finally, although the *Martinez* Court considered important the defendant's refusal to stipulate to a prior conviction, other courts have held that severance is not required if a defendant fails to stipulate. *See United States v. Alexander*, 30 F. Supp. 3d 499, 505 (E.D. Va. 2014).

Defendant next argues that severance is required in light of *Rehaif*, which held that, to secure a conviction "under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019), the Ninth Circuit treated as "binding" a defendant's stipulation at trial that he was a convicted felon, which "relieved the government of the burden to prove Defendant's status as a felon." Here, in contrast, Defendant maintains that he will not stipulate to his felony status, placing the burden on

the Government to present evidence of the type of offense to which he pled guilty and sentence he received to comply with *Rehaif*.

However, *Rehaif* did not appear to alter the Court's tools to minimize risk, including issuing appropriate limiting instructions admonishing the jury to consider the evidence for appropriate purposes only and to consider each charge separately. *See Olsen,* 519 F.3d at 1103 (affirming court's denial of severance of three perjury counts related to defendant having raped or beaten women, because relationship of charges grew out of defendant's own conduct, use of limiting instructions reduced potential prejudice, and judicial efficiency supported one trial). Given that the counts arise from the same event, jurors can adequately consider a precautionary instruction and the Court can limit the presentation of the Government's evidence, if appropriate.

Finally, the Court considers judicial economy. *See United States v. Dirden,* 38 F.3d 1131, 1140 (10th Cir.1994) (noting that trial courts must weigh any potential prejudice "against the obviously important considerations of economy and expedition in judicial administration.") (internal quotation marks omitted). Given that the event in question arose from a single traffic stop, there will presumably be significant overlapping witnesses and evidence. The duplication of witnesses and evidence attendant with holding separate trials creates an inconvenience and inefficient use of judicial resources and time. For all the foregoing reasons, Defendant has not met his burden to show real prejudice in this case or to overcome the public interest in avoiding unnecessary duplication, expense, and assuring a fair and speedy trial.

## III. CONCLUSION

**IT IS THEREFORE ORDERED that** Defendant Federico Mazon's "Motion for Severance of Counts" **(ECF No. 29)** and "Motion to Dismiss Count 2 of the Superseding Indictment as Duplicitous" **(ECF No. 42)** are **DENIED**.

**IT IS SO ORDERED**.

_____
JUDITH C. HERRERA
SENIOR UNITED STATES DISTRICT JUDGE